IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AGENT ALLIANCE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-1241-RP |
| EDUARDO CABRAL, et al., | § § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff Agent Alliance Insurance Company's ("Plaintiff") Motion for Substitute Service of Process. (Dkt. 17). Plaintiff filed its complaint on October 16, 2024. (Dkt. 1). Plaintiff served its complaint on Defendants Christian Manuel Ambriz, Cristian Lizhet Pacheco, Eduardo J. Cabral, and Monica Cabral on February 4, 2025, making those Defendants' answers due February 25, 2025. (Dkts. 13–16). Also, Defendant Denisse Gallegos waived service, and her answer is due April 11, 2025. (Dkt. 12). But Plaintiff has thus far been unable to serve Defendant Manuela Bujanda, as heir at law of the estate of J. Eduard Cabral, Deceased, ("Bujanda"), Defendant Leo Gallegos, individually and as next friend of GXXXXXX and AXXXX GXXXXXX, ("Gallegos"), and Defendant Jose Ambriz ("Ambriz") (collectively, "Unserved Defendants"), despite prior attempts. (*See* Mot. Dkt. 17, at 3–4). Accordingly, Plaintiff requests that the Court permit it to serve Bujanda, Gallegos, and Ambriz via substitute service on their state court attorneys Stuart R. White ("White") and Cesar Ornelas ("Ornelas") by: (1) personally serving White at his office located at 500 N. Water St., Suite 800, Corpus Christi, Texas 78401-0232, (2) certified mail, return receipt requested, (3) regular mail, and (4) email at stuart@lileswhite.com, and (5) personally serving Ornelas at his office located at 6800 Gateway East, Unit 2, Suite B, El Paso, Texas 79915, (6) certified mail, return receipt requested, (7) regular mail, and (8) email at cesar@oinjurylaw.com. (*Id.* at 2–3).

1

Having considered the motion and the relevant law, the Court finds that it should be denied without prejudice.

A plaintiff is permitted to serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Texas law prefers personal service over substitute service because personal service ensures greater reliability. *Texas v. State*, 293 S.W.3d 913, 915–16 (Tex. App.—Austin, 2009, no pet.). Thus, Texas Rule of Civil Procedure 106(a) provides that service of a citation may be accomplished by (1) delivering it to the defendant in person, or (2) mailing it to the defendant by registered or certified mail, return receipt requested. A court may only authorize substitute service after attempted service by one of these two methods. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993).

If personal service or service by mail is unsuccessful, however, a court may authorize another method of service. Tex. R. Civ. P. 106(b). A plaintiff seeking substitute service must file a motion supported by an affidavit stating the location of the defendant's "usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that [personal service or service by certified mail] has been attempted . . . at the location named in such affidavit but has not been successful." Tex. R. Civ. P. 106(b). The affidavit submitted by plaintiffs must strictly comply with the requirements of Rule 106(b). *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990). If these requirements are met, a court may authorize one of two other methods. First, the Court may authorize service by leaving a copy of the citation with a copy of the petition with anyone over the age of 16 at the location specified in the affidavit. Tex. R. Civ. P. 106(b)(1). Second, the Court may authorize service "in any other manner that the affidavit or other evidence . . . shows will be reasonably effective to give the defendant notice of the suit." Tex. R. Civ. P. 106(b)(2).

Plaintiff has met these requirements. Plaintiff has filed a motion for substitute service of process supported by affidavits of Armando Juarez, the process server, detailing his efforts to attempt to serve each of the three Unserved Defendants. (Juarez Affs., Dkt. 17-2, at 1–2; Dkt. 17-3, at 1–2; Dkt. 17-4, at 1–2). Juarez represents that he has attempted to serve each Unserved Defendant in person at their known address but has been unsuccessful. As to Bujanda, Juarez attempted service four times at 14864 Harry Flournoy Ave. between January 25 and February 6, 2025, but each time there was no response at the door. (Dkt. 17-2, at 2). As to Gallegos, Juarez represents that he attempted service on January 25, 2025, and there was no response at the door; upon attempting service a second time on February 1, 2025, he spoke with a family at the door who represented that the Gallegos had moved out, and the registration of the car in the driveway matched the name of the new residents, not Gallegos. (Dkt. 17-3, at 2). As to Ambriz, Juarez represents that he attempted service on January 22, 2025, and there was no response at the door; upon attempting service a second time on January 27, 2025, he spoke with a family at the door who represented that Ambriz had moved away, and the property registration matched the name of the new residents, not Ambriz. (Dkt. 17-4, at 2).

Plaintiff asks this Court to permit it to serve all three Unserved Defendants via their attorney who represents them in "the pending state court lawsuit" filed by the same Defendants. (Dkt. 17, at 2-3). The Court agrees that Plaintiff may use an alternate method of service, and that service on Unserved Defendants' attorneys is a permissible alternate method of service. Rule 106(b) has been construed by Texas courts to permit service on a defendant through the defendant's attorney "as an alternative method as provided pursuant to subsection (b)(2) . . ." *Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App.—San Antonio, 1987, no writ); *see also Mt. Hawley Ins. Co. v. Doxa Enter.*, No. 2:19-cv-00345, 2020 WL 6811487, at *2 (S.D. Tex. Apr. 30, 2020) (permitting service on counsel in a federal case). In *Leach*, the state court held that serving a defendant through that

3

defendant's counsel was proper where counsel made multiple representations to the bank seeking service on his client that he was retained counsel for the party to be served. 733 S.W.2d, at 580.

The Court agrees that Plaintiff may be entitled to a form of substitute service of process. However, Plaintiff has not substantiated its assertion that White and Ornelas represent the Unserved Defendants in a state court matter. Neither attorney has appeared in this case, and the record in the state court case is not attached to the Complaint, (Dkt. 1), so the Court does not have before it appearances White and Ornelas have made in state court, either. And, while Plaintiff attached an exhibit documenting its attempts to email the complaint and summons to White, (Dkt. 17-1), it did not attach a response from White, nor did it provide any evidence showing that White and Ornelas represent the Unserved Defendants in other correspondence. Without a record of representations to Plaintiff that White and Ornelas are retained counsel for the Unserved Defendants, as in *Leach*, this Court cannot authorize them as recipients of substitute service at this time. 733 S.W.2d, at 580.

Accordingly, **IT IS ORDERED** that Plaintiff's motion for substitute service is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff may refile its Motion for Substitute Service on or before April 4, 2025, attaching evidence substantiating its assertions that White and Ornelas represent the Unserved Defendants.

**SIGNED** on March 20, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE