**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **AGENT ALLIANCE INSURANCE COMPANY,** | § § § | |
| *Plaintiff,* | § § | |
| **v.** | § § | **CIVIL ACTION NO. 1:24-cv-01241-ADA** |
| **EDUARDO CABRAL, INDIVIDUALLY AND AS HEIR AT LAW OF THE ESTATE OF J. EDUARDO CABRAL, DECEASED, MANUELA BUJANDA, AS HEIR AT LAW OF THE ESTATE OF J. EDUARDO CABRAL, DECEASED, MONICA CABRAL, DENISSE GALLEGOS and LEO GALLEGOS, INDIVIDUALLY AND AS NEXT FRIEND OF GXXXXXX AND AXXXX GXXXXXXX, MINORS, JOSE AMBRIZ, CRISTIAN LIZHET PACHECO AND CRISTIAN MANUEL AMBRIZ,** | § § § § § § § § § § § § § § § § § § § § | |
| *Defendants.* | § | |

---

**PLAINTIFF'S AMENDED MOTION FOR SUBSTITUTED SERVICE**

---

TO THE HONORABLE COURT:

Pursuant to the Court's March 20, 2025 Order denying its Motion for Substitute Service of Process without prejudice to allow evidence that Mr. White represents the Unserved Defendants [DKT. 18], Plaintiff Agent Alliance Insurance Company ("Agent Alliance") files this Amended Motion for Substituted Service on Defendants Manuela

Bujanda, as heir at law of the Estate of J. Eduardo Cabral, deceased; Leo Gallegos, individually and as next friend of GXXXXXX and AXXX GXXXXXX; and Jose Ambriz (collectively the "Unserved Defendants") and would respectfully show the Court the following:

**I.**
**SUMMARY OF THE ARGUMENT**

1. Agent Alliance seeks a judicial declaration that there is no excess coverage for the claims asserted in the pending state court lawsuit filed by Defendants against Agent Alliance's named insured, RVshare LLC, and Joseph Jackson, as well as other parties.[1] After filing this lawsuit, counsel for Agent Alliance sent a letter to counsel for the Defendants in the underlying state court lawsuit, asking counsel to accept service on behalf of his clients. After counsel declined to do so, Agent Alliance promptly initiated efforts personally to serve each of the Defendants. However, after diligent service efforts, Agent Alliance has been unable to serve Manuela Bujanda, as heir at law of the Estate of J. Eduardo Cabral, deceased; Leo Gallegos, individually and as next friend of GXXXXXX and AXXX GXXXXXX; and Jose Ambriz.

2. Therefore, as authorized by federal law, Agent Alliance respectfully requests that the Court order that these Unserved Defendants may be served with the summons in this lawsuit through substituted service on Stuart R. White at Liles White PLLC, the current attorney of record for the Unserved Defendants in that state court lawsuit as follows[2]: (1) personally serving Mr. White at his office located at 500 N. Water St., Suite 800, Corpus

---

[1] *Eduardo Cabral, individually and as heir at law of the estate of Eduardo J. Cabral, deceased, et al. v. Myuniverse Inc., et al.*; Cause No. 2022DCV0886; currently pending in the 210th Judicial District Court of El Paso County, Texas.

[2] *See* Exhibit A, a copy of the April 3, 2025 El Paso County District Clerk's docket record showing Stuart R. White as retained counsel for the Unserved Defendants in the Underlying Lawsuit.

Christi, Texas 78401-0232, (2) certified mail, return receipt requested, (3) regular mail, and (4) email at stuart@lileswhite.com.

## II.
### UNSUCCESSFUL SERVICE EFFORTS

A.    ***Service Attempts on Manuela Bujanda, as heir at law of the estate of J. Eduard Cabral, Deceased.***

3.    Agent Alliance was unsuccessful in serving Ms. Bujanda and seeks service on her attorneys.  As stated in Mr. Juarez's Declaration, attached as Exhibit B, Agent Alliance made four unsuccessful attempts personally to serve Ms. Bujanda with the summons at the following last known address of 14864 Harry Flournoy Ave., El Paso, Texas 79938.  On January 25, 2025, Mr. Juarez attempted service at that address, but there was no response at the door, no activity was seen or heard, and no vehicles were visible.  When Mr. Juarez returned on January 30, 2025, there was no response at the door and no internal lights were on.  A vehicle was visible, but no one answered the door.  On February 6, 2025, Mr. Juarez made two additional attempts.  The first attempt was at 2:05 p.m.  Mr. Juarez stated that there was no response at the door and no vehicles visible.  When Mr. Juarez returned later that evening at 7:56 p.m., internal lights were on in the residence, but there was no answer at the door.  Mr. Juarez further stated that one vehicle was visible and a search of the El Paso County Appraisal District showed that Jesus Cabral is the registered owner of that property.

B.    ***Service Attempts on Leo Gallegos, individually and as next friend of GXXXXXX and AXXXX GXXXXXXX***

4.    Agent Alliance was unsuccessful in serving Mr. Gallegos and seeks service on his attorneys.  As stated in Mr. Juarez's Declaration, attached as Exhibit C, Agent Alliance made two unsuccessful attempts personally to serve Mr. Gallegos with the summons at his

last known address of 13609 Beobridge Ave., El Paso, Texas 79928.  On January 25, 2025, Mr. Juarez attempted service at that address, but there was no response at the door, no activity was seen or heard, and no vehicles were visible.  When Mr. Juarez returned on February 1, 2025, a man answered the door and stated that the previous owners had moved out and that the Chene family now resides at that address.  Mr. Juarez noted two vehicles were visible in the driveway.  After conducting a registration search on those vehicles, Mr. Juarez confirmed that those vehicles were registered to Eugene Chene and Eugene Fua Chene.

### C. *Service Attempts on Jose Ambriz*

5.    Agent Alliance was unsuccessful in serving Mr. Ambriz and seeks service on his attorneys.  As stated in Mr. Juarez's Declaration, attached as Exhibit D, Agent Alliance made one unsuccessful attempt personally to serve Mr. Ambriz with the summons at his last known address of 3124 Memphis, El Paso, Texas 79930.  On January 27, 2025, Mr. Juarez made contact with a middle-aged couple who stated that the Pantoja family resides at that address.  This statement is corroborated with Mr. Juarez's search of the El Paso County Appraisal District's records showing that the registered owners of that property are Loerna and Jesus Pantoja.  Furthermore, Mr. Juarez noted that there was one vehicle visible at that address with TX Tag MSL-4787, with no records of the owner found.

### III.
### ARGUMENT FOR SUBSTITUTED SERVICE

6.    The Unserved Defendants may be served by substituted service pursuant to Federal Rule of Civil Procedure Rule 4(e), which provides that:

> Unless federal law provides otherwise, an individual . . . may be
> served in a judicial district of the United States by: (1) following

state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . ..

7.      Under Rule 106(b) of the Texas Rules of Civil Procedure, upon showing that personal service was not accomplished and filing an affidavit consistent with certified private process server Armando Juarez's Declarations, attached as Exhibits B – D, the Court may authorize service "in any other manner,  including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit." TEX. R. CIV. P. 106(b)(2).

8.      Rule 106(b) has been construed by Texas courts to permit service on a defendant through the defendant's attorney "as an alternative method as provided pursuant to subsection (b)(2) . . ." *Leach v. City Nat'l Bank of Laredo*, 733 S.W.2d 578, 580 (Tex. App.—San Antonio, 1987, no writ) (construing the predecessor rule); *see also Mt. Hawley Ins. Co. v. Doxa Enter.*, No. 2:19-cv-00345, 2020 WL 6811487, at *2 (S.D. Tex. Apr. 30, 2020) (citing *Leach* in permitting service on counsel in a federal case).  In *Leach*, the state court held that serving a defendant through that defendant's counsel was proper where counsel made multiple representations to the bank seeking service on his client that he was retained counsel for the party to be served.  733 S.W.2d, at 580.

9.      As in *Leach* and as authorized by the Court in *Mt. Hawley*, Agent Alliance requests that the Court grant its motion for substituted service, allowing Agent Alliance to serve the Unserved Defendants by service on their current attorney of record in the pending state court lawsuit, Stuart R. White at Liles White PLLC by (1) personal service; (2) certified mail, return receipt requested, (3) regular mail, and (4) email.  In its Order, the Court agreed that Agent Alliance should be entitled to a form of substitute service of process but required

evidence to substantiate that the referenced lawyers represent the Unserved Defendants. To cure this deficiency, Agent Alliance has attached as Exhibit A the current docket record for the pending state court lawsuit showing Mr. White as retained counsel for the Unserved Defendants. In light of the evidence of that representation, Agent Alliance requests that the Court allow Agent Alliance to serve the Unserved Defendants in this manner.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Agent Alliance Insurance Company respectfully requests that the Court allow service on the Unserved Defendants Manuela Bujanda, as heir at law of the Estate of J. Eduardo Cabral, deceased; Leo Gallegos, individually and as next friend of GXXXXXX and AXXX GXXXXXXX; and Jose Ambriz by substituted service on their counsel of record as authorized by Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b) and for such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.**

By: */s/ Ronald J. Restrepo*
     Ronald J. Restrepo
     Texas Bar No. 16791300
     Federal I.D. No. 920
     rrestrepo@drhrlaw.com
     440 Louisiana, Suite 2300
     Houston, Texas 77002
     (713) 228-5100 (Telephone)
     (713) 228-6138 (Facsimile)
     ***ATTORNEY FOR PLAINTIFF***
     ***AGENT ALLIANCE INSURANCE COMPANY***